CORA H. GREEN, Respondent, v. FRANK B. LOOMIS, Ruby H. Tallmadge, F. W. Hilger, Joseph Roedl, and E. F. Tallmadge. F. W. HILGER, Appellant.

(226 N. W. 527.)

Opinion filed May 3, 1929.

*Harvey J. Miller,* for appellant.

*Jacobsen & Murray,* for respondent.

BIRDZELL, J. The plaintiff brought action claiming a mortgage lien upon the northwest quarter of section 26, township 135, north of range 99, west of the 5th P. M., in Slope county, North Dakota. She set up in her complaint the execution of a mortgage upon the property by the record owner, one Loomis, in December, 1915, to E. F. Tallmadge of Groton, New York, to secure a $1,200 note, with interest, payable to the order of E. F. Tallmadge. She alleges her purchase of the note and mortgage from Tallmadge and the assignment of the same to her on the 20th of January, 1916, and the recording of the assignment on July 5, 1923; that in 1921 Loomis had executed an ex-

tension agreement and coupon notes covering interest, extending the principal obligation to December, 1925, but that default had occurred in the payment of interest and taxes, the specific defaults being alleged. The complaint then sets up a transaction concerning a pretended satisfaction of this mortgage and charges the satisfaction to be null and void and the mortgage to remain the property of the plaintiff, unpaid and unsatisfied. She prays judgment against Loomis for $1,200, with certain interest, together with costs and disbursements; that the pretended satisfaction be declared null and void; that the mortgage be adjudged valid and a prior and superior lien to the claims and liens of all defendants and that the mortgage be foreclosed; that the defendants be required to set up their adverse claims and that the same be adjudged null and void, etc. Certain of the defendants defaulted and others answered separately. The answer of the defendant an appellant, Hilger, may be referred to for a brief statement of the defense relied upon at the trial and as constituting a basis for affirmative relief in his favor. It is alleged that in March, 1920, Carl E. Tallmadge and Ruby H. Tallmadge were the owners of the land in controversy; that they had borrowed of Hilger $2,000 upon their promissory note secured by mortgage upon the premises; that a separate mortgage was taken as a commission mortgage; that Hilger assigned the principal note and mortgage, guaranteeing the same, to one Roedl, both of which mortgages were filed for record on or before June 10, 1920; that certain payments had been made on these mortgages but that both were in default. It alleges that if plaintiff's mortgage ever existed it is satisfied, denies its existence and alleges that the satisfaction of plaintiff's mortgage referred to in the complaint is valid and binding. It charges that if plaintiff became the owner of the Loomis note and mortgage, she took the same with knowledge that the mortgage was never a valid obligation and that it had been paid and satisfied, further alleging that the satisfaction in question was given by one Carl E. Tallmadge who had full authority to satisfy and release mortgages on behalf of E. F. Tallmadge. The defendant further relies upon laches in the neglect and failure to record the assignment of plaintiff's mortgage and asks that his mortgage be decreed to be a subsisting lien, superior and paramount to the claims of the plaintiff and of defendants other than Joseph Roedl. The trial court found the issues in favor of the plain-

tiff and gave judgment for the relief demanded in the complaint. The defendant Hilger has appealed and demands a trial de novo in this court.

Substantially all the testimony in this case on behalf the plaintiff is by deposition taken in the state of New York. Carl E. Tallmadge, who conducted a loan agency in New England, North Dakota, died in 1923 before this action was brought. All of the testimony regarding Edgar F. Tallmadge's transactions with the plaintiff is contained in his deposition and that of the plaintiff and her husband. This testimony is all consistent and is to this effect: that about the time of the taking of the original mortgage in December, 1915, a mortgage for $1,000 held by Cora H. Green on other property matured; that this was paid and the proceeds with interest coupons for $150, together with a check for $53, were reinvested in the mortgage in question; that the note and mortgage were at once assigned by E. F. Tallmadge and remained in the possession of Cora Green until shortly before this action was brought; that when the extension agreement and the new interest coupons were executed in December, 1920, they were executed in the name of E. F. Tallmadge, were received by him and at once turned over to Cora Green; that two of these interest coupons had been detached; that as they matured E. F. Tallmadge would collect them on behalf of the holder by sending them to his son Carl Tallmadge at New England and would remit the proceeds to the owner Cora Green. The evidence is affirmative and positive as to the assignment in 1916, the payment of value, the absence of any knowledge of a purported satisfaction or of any intermediate interest on the part of any other person than Loomis. However, since the witnesses were not before the court, the findings do not represent the opinion of a court having a superior opportunity to judge the veracity of the witnesses. As the testimony involves transactions between parties at a distance and parties whose interests run parallel, it scarcely admits of contradiction, but it does not follow that this testimony must necessarily be regarded, either by the trial court or by the reviewing court upon a trial de novo, as sustaining the burden which is upon the plaintiff to establish the validity of her mortgage by a preponderance of evidence. We shall comment briefly on the condition of the record which in our opinion requires a holding that the plaintiff has not sustained the burden of proof. While

the plaintiff, her husband and E. F. Tallmadge testify that the mortgage and note were assigned on the 20th of January, 1916, and that the papers evidencing the assignment remained in the possession of the assignee until 1923, when they were turned over to an attorney named Halsey, and were never again in the possession of E. F. Tallmadge, it is very evident upon an inspection of the assignment that the name "Cora H. Green of Genoa" was typed in the assignment over an erasure and it appears that the typing of the name of this assignee was considerably more recent than the remainder of the typing in the document. The assignment is not a regular assignment but an assignment as collateral for indebtedness. It appears that the acknowledgment is dated the 20th of January, 1916, and certifies that on that date E. F. Tallmadge appeared before the notary and acknowledged, etc. The notary signing this document is Chas. C. Fitch of Tompkins County, New York. Following his signature is a notation "My commission expires March 30th, 1925." This typing also is apparently more recent than that in the remainder of the assignment. In other words, the expiration of the notary's commission is noted as occurring more than nine years after the acknowledgment. While we do not take judicial notice of the length of a notarial commission in the state of New York and can make no finding based on such fact in the absence of proof as to the foreign statute, nevertheless, the unusual circumstance of this expiration appearing to be so long after the execution of the instrument challenges our attention and causes us to hesitate in accepting the testimony at face value. Without finding as a fact when the commission of a notary taking an acknowledgment in New York in January, 1916, would expire, we note that according to Birdseye, Cumming & Gilbert's Consolidated Laws of New York, Annotated, vol. 3, 2d ed. chapter 18, article 10, § 101 (Laws 1909, chap. 23, § 101), the term of office of a notary public thereafter appointed is fixed at two years from the 30th of March in the year in which he shall be appointed, and this was apparently not amended until 1927. See chapter 144, Laws of New York, 1927, 150th session. Furthermore, another exhibit in the case contains an acknowledgment purporting to be by the same notary as of the 4th day of December, 1919, and this contains a recital to the effect that the commission expires on March 30, 1924. In addition to this the original Loomis note is indorsed specially to

Mrs. Cora H. Green on January 1, 1916. This indorsement is partially or wholly superimposed upon an erasure. The testimony in no way explains these erasures, nor does it purport to explain the circumstances of the notarial acknowledgment. Cora Green is a sister of Mrs. Carl Tallmadge.

The importance of the plaintiff establishing that she became the owner of the note and mortgage in question before maturity is obvious. Carl E. Tallmadge in his lifetime is shown to have acted as agent for E. F. Tallmadge. See Robinson v. Swenson, 54 N. D. 573, 209 N. W. 982. Whether or not the record in this case shows an agency that would bind E. F. Tallmadge, were he the owner of the Loomis mortgage at its maturity, by the satisfaction, and further bind him by the promise that Carl Tallmadge is shown to have made to Hilger to use the proceeds of the Hilger loan to retire this mortgage, we need not now stop to inquire. We note, however, in passing, that the evidence in this case shows that Carl Tallmadge had in his possession blank assignments executed by E. F. Tallmadge, at least one of which had been filled out by Carl Tallmadge and filed for record. Another assignment of a sheriff's certificate of a foreclosure sale was signed by E. F. Tallmadge and left blank as to the assignee, as to date and as to acknowledgment. There is also evidence that the satisfaction of the Loomis mortgage contained the genuine signature of E. F. Tallmadge. The original of this document is not in evidence. As a court of equity we do not feel justified in decreeing the foreclosure of a mortgage and the superiority of a lien in favor of a plaintiff whose good faith can readily be established beyond controversy while the record is devoid of explanation to clear up circumstances that are obviously suspicious.

We are of the opinion that in the interest of justice a new trial should be had as to the appellant Hilger. It is so ordered.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.